Filed 6/4/14  P. v. Escobar CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO ESCOBAR,<br><br>        Defendant and Appellant. | A138974<br><br>(Marin County<br>Super. Ct. No. SC180039A) |

Orlando Escobar appealed from an order revoking probation.  After the appeal was briefed, appellant admitted a new probation violation.  As part of the disposition of this subsequent probation violation, appellant agreed to abandon the present appeal.  Respondent then moved to dismiss the appeal.  We hereby grant this motion and dismiss the appeal.

**STATEMENT OF THE CASE**

On July 26, 2012, appellant was placed on probation for three years, with conditions including an order that he was "not to be a member of any gang, nor associate with any known gang members, nor frequent places where gang members congregate." On April 29, 2013, the prosecutor filed a petition for revocation of probation alleging violation of this condition.  After a contested hearing, the trial court found appellant had violated his probation by being in an area where gang members congregate.  On May 24, 2013, the court ordered probation reinstated, to expire on July 26, 2015, and ordered appellant to serve 90 days in jail and pay a probation restitution fine.

1

Appellant filed a timely notice of appeal on June 12, 2013. His opening brief on the appeal was filed on October 22, 2013, claiming the probation condition he allegedly violated was unconstitutionally vague and there was insufficient evidence of the violation. Respondent's brief was filed on January 30, 2014, and on February 10, 2014, with the filing of appellant's reply, the appeal was fully briefed. Appellant requested oral argument.

On March 12, 2014, the prosecutor filed a new petition for revocation of probation. On March 19, appellant, who was in custody and represented by the public defender, was advised of and waived his right to a hearing in the trial court, and admitted the alleged violation. The court revoked probation, appellant waived time for sentencing, and the court reinstated probation with the original terms and conditions, to expire on July 26, 2016. The trial court's order states, "No further sanction. Defendant abandons the appeal, Case Number A138974, that is pending in First Appellate District Court in this case. The Appeal is dismissed with prejudice."

On March 20, 2014, respondent filed in this court a motion to dismiss the appeal as moot and abandoned. Appellant's appellate counsel responded with a motion for a reporter's transcript and extension of time to oppose the motion to dismiss. Counsel declared that she had not been consulted before appellant accepted the plea offer that resulted in reinstatement of his probation and that a reporter's transcript was necessary for her to assess whether appellant's waiver of the appeal was knowing, intelligent and voluntary. Counsel requested that respondent be ordered to provide a reporter's transcript of the March 18 trial court hearing and that the time for appellant's opposition to the motion to dismiss the appeal be extended until 15 days from service of the reporter's transcript on counsel. Respondent opposed this motion, and we denied it on May 5, 2014, giving appellant until May 15 to file his opposition to the motion to dismiss the appeal. No opposition to the motion to dismiss has been filed.

## DISCUSSION

The 2013 order from which appellant appealed has been superseded by the March 18, 2014 order reinstating and extending probation until July 26, 2016. Accordingly,

2

there is no relief this court is able to grant on the appeal from the 2013 order. " ' "When no effective relief can be granted, an appeal is moot and will be dismissed." [Citation.]' (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)" (*Matteo v. Department of Motor Vehicles* (2012) 209 Cal.App.4th 624, 629; *In re M.R.* (2013) 220 Cal.App.4th 49, 56; *In re Sodersten* (2007) 146 Cal.App.4th 1163, 1217.) Although we have discretion to entertain an appeal that is technically moot "when the case presents an issue of broad public interest that is likely to recur[,]" "when there may be a recurrence of the controversy between the parties" or "when a material question remains for the court's determination" (*In re M.R.*, at p. 56), we find none of these exceptions applicable here.

Dismissal of the appeal is also appropriate on the basis that it has been abandoned by appellant. While the trial court has no power to dismiss an appeal in this court, its order purporting to do so can be construed as an acceptance of appellant's agreement to dismiss the appeal as part of the plea agreement under which he admitted the probation violation and was released from custody onto reinstated probation. Moreover, appellant's failure to oppose respondent's motion to dismiss the appeal "may be deemed a consent to the granting of the motion." (Cal. Rules of Court, rule 8.43(c).)

## DISPOSITION

The appeal is dismissed.

                                                 _____

                                                 Kline, P.J.

We concur:

_____

Haerle, J.

_____

Richman, J.